

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2008

# Henkel Corp v. Hartford Accident

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4856

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Henkel Corp v. Hartford Accident" (2008). *2008 Decisions.* Paper 1379.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1379

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4856

HENKEL CORPORATION, INDIVIDUALLY AND AS
SUCCESSOR BY MERGER TO HENKEL LOCTITE
CORPORATION formerly known as LOCTITE CORPORATION,
Appellant

v.

HARTFORD ACCIDENT & INDEMNITY COMPANY;
LIBERTY MUTUAL INSURANCE COMPANY

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 05-cv-01266)
District Judge:  The Honorable Eduardo C. Robreno

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2008

Before: BARRY, JORDAN and HARDIMAN, Circuit Judges

(Opinion Filed: March 27, 2008)

OPINION

BARRY, Circuit Judge

Appellant, Henkel Corporation ("Henkel"), sought monetary damages and

declaratory relief against Hartford Accident and Indemnity Company ("Hartford") as a result of Hartford's refusal to provide defense and indemnity coverage pursuant to insurance policies issued to Henkel's predecessor-in-interest, Loctite Corporation ("Loctite"). The District Court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. We will affirm.[1]

## I.

Henkel's complaint sets forth the following facts. Loctite acquired Permatex Company, Inc. ("Permatex Company") in 1972. Initially, Permatex Company was a subsidiary of Loctite, but in 1978 it merged into Loctite. Between 1976 and 1985, Hartford issued to Loctite policies of comprehensive general liability insurance and policies of completed operations and products liability insurance (the "Hartford Policies"). Henkel purchased Loctite in 1997 and the companies merged in 2004, with Henkel being the surviving corporation. Henkel is Loctite's successor-in-interest to the Hartford Policies.

Pursuant to the Hartford Policies, Hartford agreed to provide defense and indemnity coverage for Loctite as follows:

> The company [Hartford] will pay on behalf of the insured [Loctite] all sums
> which the insured shall become legally obligated to pay as damages because
> of

---

[1] The District Court exercised subject matter jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

2

> Coverage A – bodily injury or
>
> Coverage B – property damage
>
> to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient . . . .

(Complaint ¶ 25, App. at 21a). Bodily injuries caused by hazardous products sold, manufactured, or distributed by Loctite are within the scope of the policies.

Lawsuits have been filed in New Jersey, New York, and Pennsylvania state courts alleging that the plaintiffs have suffered injuries as a result of exposure to products containing asbestos, including Permatex-brand products (the "Underlying Suits"). None of the Underlying Suits named Henkel, Loctite, or Permatex Company as a defendant. The New Jersey suits mistakenly named Permatex Industrial Corporation ("Permatex Industrial"), a wholly owned subsidiary of Henkel, as a defendant. The New York and Pennsylvania suits erroneously named Permatex, Inc., an entity completely unrelated to Henkel, as a defendant. Neither Permatex Industrial nor Permatex, Inc. have ever sold, manufactured, distributed, or otherwise assumed liability for any Permatex-brand products containing asbestos. Henkel alleges that it is the only party potentially liable for injuries caused by Permatex-brand asbestos-containing products.

For reasons not discussed in the complaint, Henkel, and Loctite previously, have incurred costs defending, and settling some of, the Underlying Suits even though it is not

3

named as a defendant.[2]  It provided proper and timely notice of the Underlying Suits to Hartford but Hartford refused to provide defense and indemnity coverage under the Hartford Policies.  The complaint seeks damages from Hartford for breach of contract and bad faith refusal to honor its defense and indemnity obligations under the Hartford Policies, and also requests a declaration that Hartford is obligated to defend and indemnify Henkel in all pending and future cases alleging injury as a result of exposure to Permatex-brand asbestos-containing products.

The District Court dismissed the complaint for failure to state a claim upon which relief can be granted, holding that Hartford has no duty to defend Henkel in the Underlying Suits because it had only agreed to defend and indemnify Loctite in cases where Loctite (or a predecessor or successor-in-interest) is named as a defendant in the underlying action.  The District Court expressly declined to decide whether Pennsylvania or Connecticut law controlled, reasoning that the result would be the same under either state's laws.

---

[2] Included within the appendix is a three-page brief in support of a motion to dismiss filed by Permatex Industrial in one of the Underlying Suits.  The brief simply states: "Plaintiff has apparently confused Permatex Industrial Corporation with another Permatex entity.  Accordingly, Permatex Industrial Corporation should be dropped as a defendant in this suit as an improperly named party.  N.J. Rule Civ. P. 4:30." (App. at 232a.)  It is unclear why Henkel did not direct its subsidiary, Permatex Industrial, to take this seemingly simple step in all of the cases and wait to be substituted as a defendant before beginning to defend and/or settle these actions in its own name.

**II.**

We exercise plenary review of a dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *AT&T Corp. v. JMC Telecom, LLC*, 470 F.3d 525, 530 (3d Cir. 2006). "When considering a Rule 12(b)(6) motion, we are required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

**III.**

Henkel argues that the District Court erred in dismissing its complaint by: (1) concluding that the case did not present an actual conflict between Pennsylvania and Connecticut law; (2) failing to treat Henkel's factual allegations as true and not construing the complaint in the light most favorable to Henkel; (3) concluding that there was no possibility that Hartford owed a duty to defend and indemnify Henkel; (4) failing to consider extrinsic evidence suggesting that Hartford had actual knowledge of its duty to defend and indemnify Henkel; and (5) finding no ambiguity in the text of the section of the Hartford Policies defining the scope of Hartford's duty to defend and indemnify Henkel. These arguments are wholly unavailing.

We agree with the District Court that this case does not present an actual conflict between Pennsylvania and Connecticut law. Both jurisdictions give effect to clear and unambiguous language in an insurance contract unless doing so would be contrary to

5

public policy, *Hartford Accident & Indem. Co. v. Ace Am. Reinsurance Co.*, 936 A.2d 224, 231 (Conn. 2007)*; Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 938 A.2d 888, 907 (Pa. 2006). The contractual provision at issue in this case could not be more clear. Indeed, the only reasonable construction of the phrase "[Hartford] shall have the right and duty to defend any suit against the insured," is that an insured entity (Permatex Company, Loctite, or Henkel) must be named as a defendant in a suit before Hartford's duty to defend and indemnify is triggered.[3] Even viewing all of the factual allegations in the light most favorable to Henkel, we are left with the inescapable conclusion that Hartford has no duty to defend because an insured entity has not been named as a defendant in any of the Underlying Suits. No amount of extrinsic evidence will change this. We will, therefore, affirm the judgment of the District Court.[4]

---

[3] Henkel's argument that this construction of the policy would "effectively eviscerate coverage for all manufacturers with branded products" is without merit. (Reply Br. at 1.) Sophisticated businesses are free to acquire the insurance they deem appropriate, and, having done so, they are bound to deal with the consequences of those decisions.

[4] In its reply brief, Henkel argues for the first time that, in the alternative, it should be granted leave to amend its complaint. That argument, too, is unavailing. *See, e.g., Newark Morning Ledger Co. v. United States,* 539 F.2d 929, 932 (3d Cir. 1976) ("We generally refuse to consider issues that are raised for the first time on appeal."); *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").